**FILED**

OCT - 8 2020

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(TOLEDO DIVISION)

| | |
|---|---|
| ANTHONY BOYD<br>4205 Northcroft Lane<br>Toledo, Oh 43611<br><br>　　　　　Plaintiff<br><br>v.<br><br>Philip Parker<br>590 High Eagle Court<br>Walnut Creek, Ca 94595<br><br>　　　　　Defendant | CASE No. **3:20 CV 2273**<br><br>JURY TRIAL DEMANDED<br><br>**JUDGE ZOUHARY**<br><br>**MAG. JUDGE JAMES R. KNEPP II** |

### CIVIL ACTION COMPLAINT

Plaintiff Anthony Boyd ("Plaintiff"), for his Complaint against Defendant, Philip Parker ("Defendant), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Lucas County, Ohio, currently residing at the above captioned address, and was at all times relevant hereto domiciled in Lucas County, Ohio.

2. Defendant Parker is a resident of Contra Costa County, California, at the above address.

3. Acting directly and/or by an agent, Defendant caused tortious injury by acts committed both inside the state of Ohio with the purpose of injuring Plaintiff in this state, and

reasonably expecting the injuries which are stated in this complaint would result to Plaintiff in this state, and anywhere that Plaintiff might be found by those who viewed the defamatory communications.

4. Jurisdiction is appropriate under 28 U.S.C. §1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has jurisdiction over the subject matter and parties of this action as it is a location where the harm complained of herein has primarily occurred and been suffered by Plaintiff.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) as substantially all of the events that give rise to the claims in this action occurred within this District.

## **FACTUAL ALLEGATIONS**

7. Plaintiff incorporates the allegations and averments of the above numbered paragraphs as if fully restated herein.

8. Plaintiff is a Black male who makes his living as truck driver and resides at home with his wife and children.

9. Defendant is a highly educated white male who, upon information and belief makes his living in the financial services industry.

10. Both Plaintiff and Defendant attended New Canaan High School in New Canaan, Ct and both formerly resided in New Canaan, Ct.

11. Plaintiff's elder brother, Terrance Boyd, when a minor, was convicted for having taken part in a burglary in New Canaan, Ct that resulted in the homeowner being murdered.

12. Plaintiff took no part WHATSOEVER in either the burglary, nor the murder, and was never arrested let alone convicted for the murder of the homeowner.

13. Defendant being a resident of New Canaan at about the time of the murder in question, knew or should have known that his allegations against Plaintiff were false when he made them, but he nevertheless made them with a reckless disregard for their truth or falsity.

14. Defendant had known of Plaintiff and his family since their youth in New Canaan and had communicated with Plaintiff over Facebook and had access to his Facebook profile, which contained pertinent information concerning his domicile in the Toledo, Ohio region, for months or years prior to the defamatory posting.

15. On October 19, 2019, Defendant, randomly, out of the blue, with no provocation posted the following defamatory statements on Facebook:

> "October 19, 2019
>
> **Phil Parker** Tony Boyd, weren't you involved in a murder in New Canaan, specifically targeting an old white woman because of her whiteness - something about throwing an old white woman into a swimming pool and leaving her there to die
>
> **Phil Parker** sounds like a race based hate crime to me...if ever there were one."

16. The above defamatory statements were published in front of a national audience on Facebook, including, but not limited to, Plaintiffs' friends who live in Ohio, and/or work with Plaintiff.

17. Defendant never apologized for nor withdrew his allegations despite being made aware on Facebook, the same night that he posted his outrageous, hurtful, lies, that his allegations were false:

> "**Ronald Cottrell** Phil Parker if you wanna bring up 32 yr old murders ..... Maybe should at least put it on the right person ..... And said crime that you are referring to sir for 1 was a crime of opportunity not a hate crime and 2 again tragic as it was maybe you should really check your facts first before opening you mouth

18. Being in possession of this information, Defendant could have and should have immediately apologized for his false statements against Plaintiff, falsely accusing him of a race based murder of an elderly woman in New Canaan, Ct; however, he preferred to let the false allegations stand and never withdrew it, nor issued a public apology, thus leaving Plaintiff to forever live in fear of who read, and who believed the Defendant's reckless statement, which was became knowingly false after he failed to issue an apology and explain that he was in error and that Plaintiff had not committed the heinous crimes which Defendant had recklessly accused him of.

19. The knowingly false allegations accusing the Plaintiff of having committed a heinous crime against a white woman, were willfully and wantonly published with the intent to cause a lynch mob reaction of dislike and hatred of Plaintiff on the basis of Plaintiff's race.

20. The Statements caused individuals viewing the same, including John Does 1-10 named herein, to further publish, repeat, and disseminate false and defamatory accusations about Plaintiff to others.

21. Though unknown if related, Plaintiff had difficulty securing work as a trucker with other trucking companies after the reckless and outrageously false defamatory post was published by Defendant.

22. Plaintiff must now, through no fault of his own, live with the anxiety of wondering if coworkers, friends, neighbors and others believe that he savagely murdered an elderly woman on the basis of her race.

## COUNT II - DEFAMATION

23. Plaintiff incorporates the allegations and averments of paragraphs 1-33 as if fully restated herein.

24. Defendants published/re-published and/or caused to be published/re-published the Statements, which were about Plaintiff and/or reasonably understood to refer to Plaintiff.

25. The Statements, which accuse Plaintiff of criminal wrongdoing, and morally repugnant behavior, are defamatory *per se*, as they are disparaging and impugn Plaintiff's reputation, and injuriously affect Plaintiff in bis trade and profession, as a trucker, and as a respectable citizen of his community, and the state of Ohio.

26. The Statements are false and defamatory because they do not accurately describe real events that actually involved Plaintiff and falsely accuse Plaintiff of having savagely murdered an elderly woman on the basis of her being "white"..

27. Defendants authored and/or published/re-published the Statements without privilege, consent, or any other form of authorization.

28. The Statements were authored and/or published/re-published with the requisite degree of fault in that the Statements were authored and/or published/re-published with actual malice in that the statements were made with Defendants' knowledge of their falsity, or with reckless disregard as to the veracity of the statements.

29. The Statements were authored and/or published/re-published with actual malice as Defendants' state of mind, was characterized by hatred, racial animus, and/or a willful and wanton desire to inflict pain upon Plaintiff.

30. The Statements were specifically directed and communicated to people in Lucas County, Ohio, and around the country, for the purpose of damaging Plaintiffs personal and professional reputation in his community, and causing him to incur other

economic and non-economic damages. Plaintiff is informed, and believes, and upon that basis alleges that the Statements have been read and received by third persons in the state of Ohio throughout Lucas County, and in the trucking industry in which he earns his wages to support his wife and children.

31. As a direct and proximate result of the Statements, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain , severe emotional distress, mental anguish, personal humiliation, and impairment of reputation.

32. All false words were set forth by Defendant about Plaintiff to subject Plaintiff to public hatred, ridicule and contempt.

## COUNT II – CIVIL HARASSMENT (R.C. 2917.21)

33. Plaintiff incorporates the allegations and averments of the above numbered paragraphs as if fully restated herein.

34. Defendants knowingly made or caused to be made telecommunications and/or knowingly permitted a telecommunication to be made from a device under the person's control in a manner which violated R.C. 2917.21.

35. The Defendant made the statements with ill will and a conscious disregard for the rights and safety of the Plaintiff.

36. As a direct and proximate result of Defendant's violation of R.C. 2917.21,, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain , severe emotional distress, mental anguish, impairment of reputation and personal humiliation.

WHEREFORE, Plaintiff Anthony Boyd, demands judgement against Defendant as

follows:

I. On Count I, a decree of this Court that the statements are false, and defamatory, presumed and actual damages in excess of $75,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

II. On Count II, presumed and actual damages in excess of $75,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

III. On Counts I & II, preliminary and permanent injunctive relief, both mandatory and prohibitory, that the Defendants are:

   a. prohibited from creating or publishing statements about Plaintiff, Plaintiff's family, agents, servants, attorneys, representatives, products, goods, or services which defame, disparage, or contain libelous statements about Plaintiff; and,

   b. ordered to take all actions necessary to remove any of the false and defamatory statements published from the Internet including but not limited to, requesting removal of the statements from the website where they are posted and from Internet search engines, including Google, Yahoo!, and Bing, and the website where the Statements are published.

Respectfully submitted,

The Downey Law Firm, LLC

Dated: October 7, 2020

Philip A. Downey (admitted *Pro Hac Vice*)
The Downey Law Firm, LLC
downeyjustice@gmail.com
105 Guinea Hollow Road
Califon, NJ 07830
Phone: 610.470.5111